# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   JESUS REZA,                                    No. 7-07-12659 MA

Debtor.

## ORDER DENYING MOTION TO RECONSIDER ORDER OF DISMISSAL

THIS MATTER is before the Court on the Motion to Reconsider Order of Dismissal ("Motion") filed by the Debtor, *pro se*. *See* Docket # 33. The Motion, filed January 10, 2008, requests the Court to set aside the Default Order on Discharge Ineligibility Under 11 U.S.C. § 727(a)(8) and Dismissal of Case ("Dismissal Order"), entered December 12, 2007. *See* Docket # 24. Upon review of the Motion, and being otherwise sufficiently informed, the Court finds that it is not appropriate to set aside the Dismissal Order at this stage in the case. Consequently, the Motion will be denied.

PROCEDURAL HISTORY

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 25, 2007. Debtor did not file all statements and schedules with his petition, nor did he submit a creditor mailing matrix. The deadline for filing statements and schedules in accordance with Rule 1007(c), Fed.R.Bankr.P. was November 9, 2007, fifteen days after the petition date. On November 5, 2007, Debtor filed a motion requesting an additional two weeks within which to file remaining statements and schedules. *See* Docket # 7. No order was entered granting the motion for extension of time to file statements and schedules, but on November 14, 2007, the Debtor filed a verification of creditor mailing matrix and list of creditors (Docket # 13), the Statement of Financial Affairs (Docket # 14), Schedules A - J (Docket # 15), the Statement of Intention (Docket # 16), and the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation (Docket # 20).

The date first set for the meeting of creditors under 11 U.S.C. § 341 was November 26, 2007 at 9:45am. Debtor failed to appear at the meeting of creditors, and the Chapter 7 Trustee filed a motion to dismiss Debtor's bankruptcy proceeding based on Debtor's failure to appear at the creditors' meeting, and based on Debtor's failure to provide the Chapter 7 Trustee with tax returns and payment advices as required under 11 U.S.C. § 521(e)(2). *See* Docket # 21. The United States Trustee also filed and noticed a motion to dismiss Debtor's bankruptcy case based on 11 U.S.C. § 727(a)(8)[1] (*See* Docket #8 and Docket #11), and, no response being filed, the United States Trustee's motion was granted by default on December 12, 2007. *See* Docket # 24. Debtor objected to the Chapter 7 Trustee's motion to dismiss on the same day the Dismissal Order was entered. *See* Docket # 26. As recited in the Dismissal Order, Debtor's bankruptcy case was dismissed "due to Debtor's ineligibility for discharge by reason of 11 U.S.C. § 727(a)(8)." *See* Dismissal Order. Debtor was identified as the non-filing spouse in Case No. 7-00-11882 SA filed by Hermila Reza on April 4, 2000, in which a discharge was entered on July 18, 2000. *See* Case No. 7-00-11882 SA, Docket # 1 and Docket # 10.

## DISCUSSION

Debtor's Motion to set aside the Dismissal Order states that the Debtor petitioned for divorce from his wife on March 15, 1996 and was legally separated from her when the discharge

---

[1] That section provides, in relevant part:
> The court shall grant the debtor a discharge, unless–
> > (8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition.
>
> 11 U.S.C. § 727(a)(8).

was entered in Case No. 7-00-11822 SA. The Motion also recites that a translator misinterpreted information to the Debtor, and that he was under the impression that it was not necessary to appear at the creditors' meeting.[2]

The Motion was filed more than ten days after the entry of the Dismissal Order and is therefore governed by Rule 60, Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 9024, Fed.R.Bankr.P. [3] Relief under Rule 60(b) is an extraordinary remedy and may be granted only in exceptional circumstances. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996). No exceptional circumstances are present upon which relief can be granted in accordance with Rule 60(b), Fed.R.Civ.P. Due to the procedural posture of the Debtor's bankruptcy case and a lack of sufficient notice of the bankruptcy to creditors, the Dismissal Order cannot be set aside.

As provided in Rule 4004(a), Fed.R.Bankr.P. and Rule 4007(c), Fed.R.Bankr.P., the deadline for filing a complaint objecting to the Debtor's discharge or objecting to the discharge of a particular debt is "60 days after the first date set for the meeting of creditors under §

---

[2]After the dismissal of the Debtor's bankruptcy proceeding, the Court issued an Order to Show Cause Why Bankruptcy Petition Preparer Should Not Have to Reimburse Fee to Debtor ("Order to Show Cause") which resulted in the entry of an Order Directing Bankruptcy Petition Preparer to Reimburse Fee to Debtor. (*See* Docket # 32).

[3]Rule 60(b) provides in relevant part:
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . .

3

341(a)." In this case, the deadline for filing objections to the debtor's discharge or to the dischargeability of a particular debt is January 25, 2007. Debtor did not file a complete list of creditors until after the fifteen-day deadline contained in Rule 1007(c), Fed.R.Bankr.P. Consequently, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines issued when the case was filed was sent only to the Debtor, the Chapter 7 Trustee, and the United States Trustee. No notice of the deadlines for filing complaints objecting to discharge or objection to the discharge of a particular debt has been sent to any creditor in the Debtor's bankruptcy proceeding. Setting aside the Order of Dismissal at this stage of the proceeding, when no notice of the bankruptcy filing or the deadlines for filing complaints objecting to the Debtor's discharge or objecting to the dischargeability of a particular debt has been provided to any creditor, is not appropriate.

Moreover, although Debtor objected to the Chapter 7 Trustee's motion to dismiss, stating that he was not aware of the date of the creditor's meeting, there is no evidence that the Debtor provided the Chapter 7 Trustee with tax returns or payment advices as required under 11 U.S.C. § 521(e)(2)(A)[4] and 11 U.S.C. § 521(a)(1)(B)(iv)[5], and the Court's standing Order Directing that

---

[4]That section provides:
> The debtor shall provide–
>> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed[.]
>
> 11 U.S.C. § 521(e)(2)(A)(i).

[5]That section provides:
> The debtor shall –

4

Payment Advices not be Filed with the Court but Instead be Provided to Trustee and, Upon Timely Request, to Creditors ("Order on Payment Advices")[6], Court Administrative Matters, No. MP-05-001. Failure to provide the Chapter 7 Trustee with a copy of a tax return for the most recent tax year for which a Federal income tax return was filed mandates dismissal of the debtor's proceeding unless the debtor demonstrates that the failure to comply is due to circumstances beyond the debtor's control. *See* 11 U.S.C. § 521(e)(2)(B).[7] Debtor has offered no explanation for why he failed to provide a copy of the most recent filed tax return to the Chapter 7 Trustee.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

    (1) file–
        (B) unless the court orders otherwise–
            (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor[.]

11 U.S.C. § 521(a)(1)(B)(iv).

[6]The Order on Payment Advices requires the debtor to provide the case trustee not later than 7 days before the date first set for the meeting of creditors copies of all payment advices as required under 11 U.S.C. § 521(a)(1)(B)(iv)

[7]That section provides:
    If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e)(2)(B).

5

COPY TO:

Jesus Reza
1831 Cool Springs
Albuquerque, NM 87121

Philip J. Montoya
Chapter 7 Trustee
PO Box 159
Albuquerque, NM 87103

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

6